**In re The NEW 5510, INC., t/a Swiss Cafe, Debtor.**

**Bankruptcy No. 89–00249.**

United States Bankruptcy Court, District of Columbia.

April 2, 1990.

David E. Lynn, Washington, D.C., for debtor.

ORDER REQUIRING PRIOR ORDER BEFORE DISTRIBUTION OF SALES PROCEEDS TO MADISON NATIONAL BANK, N.A. ON ITS ASSERTED LIEN

S. MARTIN TEEL, Jr., Bankruptcy Judge.

In a decision of this date in *Jettmar v. The New 5510, Inc., et al.,* 114 B.R. 317 Adversary Proceeding No. 89-0073, the Court discussed Jettmar's contention that Madison National Bank, N.A., did not have a perfected lien on the Debtor's fixtures and leasehold interest, but found it unnecessary to decide that issue. It nevertheless appears that as to the fixtures and leasehold interests Madison's asserted lien may be susceptible of avoidance under 11 U.S.C. § 544(a)(1). See *In re Le Sueur's Fiesta Store, Inc.,* 40 B.R. 160, 162-63 (Bankr. Ariz.1984), for the view that would support such avoidance. The Debtor has not sued to avoid the lien securing Madison's claim which is guaranteed by the Debtor's principals or reported any proposed settlement with Madison. To protect the rights of creditors in the event the Debtor is not properly exercising its fiduciary duties as debtor-in-possession (*see In re Chapel Gate Apts. Ltd.,* 64 B.R. 569, 576 (Bankr.N.D. Tex.1986)) and notwithstanding the Court's earlier order of June 21, 1989, approving sale of the assets and directing that the proceeds be held for distribution to Jettmar or Madison according to their liens' priorities (*see In re Kendavis Industries Intern., Inc.,* 91 B.R. 742, 746 (Bankr.N.D. Tex.1988)), particularly since avoidance of Madison's lien would preserve the lien for the benefit of the estate, not Madison, under 11 U.S.C. § 551, it is

ORDERED that, until the Court orders otherwise, the Debtor, The New 5510, Inc., t/a Swiss Cafe, shall not distribute any of the proceeds of the sale of its assets to Madison National Bank, N.A., on its asserted lien.